IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **CHRISTY GIVENS,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | Civil Action No. 4:17-cv-00145-Y-BP |
| § | |
| **NANCY A. BERRYHILL,** § | |
| **Acting Commissioner of the Social** § | |
| **Security Administration,** § | |
| § | |
| **Defendant.** § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES
MAGISTRATE JUDGE, NOTICE, AND ORDER**

Plaintiff Christy Givens ("Givens") filed this action under 42 U.S.C. § 405(g), seeking judicial review of the denial by the Commissioner of the Social Security Administration ("Commissioner") of her application for disability insurance benefits and Supplement Security Income under Title XVI of the Social Security Act ("SSA"). ECF No. 1. After considering the pleadings, briefs, and the administrative record, the undersigned **RECOMMENDS** that Senior United States District Judge Terry R. Means **AFFIRM** the Commissioner's decision.

**FINDINGS AND CONCLUSIONS**

**I.     STATEMENT OF THE CASE**

Givens filed applications for disability insurance benefits and Supplement Security Income on January 14, 2014. Transcript ("Tr.") 12. Givens alleged limiting conditions of back surgery, chronic back pain, migraines, perforated ulcer, degenerative heart valve, neuropathy, high blood pressure, hypothyroidism, depression, and arthritis. Tr. 306. The Commissioner denied her benefits initially on June 12, 2014, and upon reconsideration on October 21, 2014. Tr. 12, 305–330. Givens requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held before

Judge Carol K. Bowen in Fort Worth, Texas, on June 22, 2015. Tr. 12, 39. Attorney Carol Squires represented Givens at the hearing. *Id.* Vocational Expert ("VE") Todd Harden testified at the hearing. *Id.* The ALJ issued her decision on August 25, 2015, finding that Givens was not entitled to disability benefits. Tr. 33.

In her decision, the ALJ employed the statutory five-step analysis. At step one, she found that Givens had not engaged in substantial gainful activity since November 28, 2013, the alleged disability onset date. Tr. 14, Finding 2. At step two, the ALJ found that Givens had the severe impairments of chronic back pain, lumbar degenerative disc disease, congenital thoracic kyphosis, cervical bone spurs, left knee patella fracture status post surgical repair, left foot pain, major depressive disorder, and hypertension. Tr. 14, Finding 3. At step three, the ALJ found that Givens's impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. § 404(P)(1). Tr. 15, Finding 4. The ALJ therefore determined that Givens had the residual functional capacity ("RFC") to perform light work as defined at 20 C.F.R. §§ 404.1567(b) and 416.967(b), except for no operation of foot controls; no climbing, including ropes, ladders, or stairs; no kneeling, crouching, or crawling; occasional balancing and stooping; can sustain concentration and attention sufficient to understand, remember, and carry out detailed tasks, but not complex tasks, in a routine work setting. Tr. 17, Finding 5.

At step four, the ALJ found that Givens was capable of performing her past relevant work as a waitress, an appointment clerk, and a cashier II, as this work does not require the performance of any work-related activities that would be precluded by Givens's RFC. Tr. 32, Finding 6. The ALJ based this conclusion on the testimony of the VE, who testified that a hypothetical individual with Givens's RFC would be able to perform her past relevant work. *Id*. Because the ALJ determined that Givens could perform her past relevant work at step four, she did not continue to

step five. The ALJ found that Givens was not under a disability at any time from November 28, 2013, through the date of her decision on August 25, 2015. Tr. 33, Finding 7.

The Appeals Council denied Givens's request for review on December 23, 2016. Tr. 1–8. Therefore the ALJ's decision became the Commissioner's final decision and is properly before the Court for review. *See Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) ("[T]he Commissioner's final decision includes the Appeals Council's denial of a request for review.").

## II.   FACTUAL BACKGROUND

Givens was born on February 23, 1959. Tr. 277. The highest grade of schooling she completed was twelfth grade. Tr. 44. Her past work included work as a cashier, an assistant manager, and a temporary worker. Tr. 45–48, 268–76.

## III.   STANDARD OF REVIEW

Title II, 42 U.S.C. § 404 *et seq.* of the SSA controls the disability insurance program as well as numerous regulatory provisions concerning disability insurance. *See* 20 C.F.R. Pt. 404. The SSA defines a disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d); *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999).

To determine whether a claimant is disabled and thus entitled to disability benefits, the Commissioner employs a five-step sequential evaluation process. 20 C.F.R. § 404.1520(a)(4). For step one, the claimant must not be presently working at any substantial gainful activity to gain disability benefits. 20 C.F.R. § 404.1520(a)(4)(i). "Substantial gainful activity" means work activity involving the use of significant physical or mental abilities for pay or profit. 20 C.F.R. § 404.1572; *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002). For step two, the

claimant must have an impairment or combination of impairments that is severe. 20 C.F.R. § 404.1520(c); *see also Stone v. Heckler*, 752 F.2d 1099, 1100–03 (5th Cir. 1985). For step three, disability exists if the impairment or combination of impairments meets or equals an impairment listed in the Listing of Impairments ("Listing") found in 20 C.F.R. Pt. 404, Subpt. P, App. 1. 20 C.F.R. § 404.1520(d). Before proceeding to step four, the Commissioner must assess the claimant's RFC—"the most the claimant can still do despite [her] physical and mental limitations." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); 20 C.F.R. § 416.945(a)(1). For step four, if the claimant's medical status alone does not constitute a disability, the impairment must prevent the claimant from returning to his past relevant work. 20 C.F.R. § 404.1520(e). For step five, the impairment must prevent the claimant from doing any work, considering the claimant's RFC, age, education, and past work experience. 20 C.F.R. § 404.1520(f); *Crowley v. Apfel*, 197 F.3d 194, 197–98 (5th Cir. 1999). "The claimant bears the burden of showing that she is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). "If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000) (quoting *Crowley*, 197 F.3d at 198.)

      The Court's decision is limited to a determination of whether the Commissioner applied the correct legal standards and whether substantial evidence in the record as a whole supports the decision. *Audler*, 501 F.3d at 447; *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). "Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance. A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision."

*Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000)). The Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if evidence is present. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988); *Harris*, 209 F.3d at 417. "Conflicts in the evidence are for the [Commissioner] and not the courts to resolve." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (quoting *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999)).

### IV.   ANALYSIS

Givens raises four issues on appeal. First, she argues that the ALJ erred by rejecting the evidence of a consulting examiner concerning her ability to interact with co-workers and the public. Second, she argues that the ALJ erred by apparently giving more weight to a reviewing physician than an examining physician. Third, Givens argues that the ALJ improperly relied on medical evidence predating the relevant period of disability and failed to recontact the physicians who gave those opinions in order to resolve conflicts in the evidence. Fourth, she argues that the ALJ improperly failed to include in Givens's RFC that Givens was limited to occasional interaction with the general public and co-workers.

**A.   The ALJ did not err by rejecting the evidence of a state agency consulting examiner concerning her ability to interact with co-workers and the public because the ALJ did not reject the consulting examiner's opinion.**

Under the Social Security Regulations ("Regulations") in effect at the time of the ALJ's opinion,

> Administrative law judges are not bound by any findings made by State agency medical or psychological consultants, or other program physicians or psychologists. State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation. Therefore, administrative law judges *must consider* findings and other opinions of State agency medical and psychological consultants and other program physicians, psychologists, and other

> medical specialists as opinion evidence, except for the ultimate determination about whether you are disabled . . .

20 C.F.R. § 416.927(e)(2)(i) (effective August 24, 2012–March 26, 2017) (emphasis added).

Givens argues that the ALJ improperly rejected the opinion of a state agency medical consultant ("SAMC"), Scott Hilborn, Ph.D. ("Dr. Hilborn"), who performed a psychological consultative examination of Givens on August 29, 2014. ECF No. 27 at 15–16; Tr. 731–34. Givens concedes that the ALJ gave "some weight" to Dr. Hilborn's opinion. ECF No. 27 at 16. However, Givens argues that the ALJ erred by not considering a sentence from Dr. Hilborn's opinion stating that Givens's "ability to interact effectively with peers and coworkers is affected by her condition." Tr. 733; ECF No. 27 at 15.

To the contrary, the ALJ extensively and accurately paraphrased Dr. Hilborn's opinion, twice stated that she accorded it "some weight," and stated that she found his opinion "persuasive." Tr. 27–28. As such, it is clear that the ALJ acted in accordance with the Regulations' directive that she must consider findings and other opinions of SAMCs. Givens cites no authority for the proposition that an ALJ must give controlling weight to a single sentence in a SAMC's examination, or that omission of such a sentence in an ALJ's RFC determination merits remand.

Though Givens does not make this argument, the Court will consider whether the fact that the ALJ did not give controlling weight to this part of Dr. Hilborn's opinion leads to a conclusion that substantial evidence does not support the ALJ's determination. The statement on which Givens concentrates does not say how extensively or in what regard her condition affects her ability to interact effectively with peers and coworkers. *See* Tr. 733. Dr. Hilborn's opinion also states, in support of the ALJ's determination, that Givens's social functioning appears intact; that her appearance, speech, and behavior were for the most part normal; and that her social judgment was grossly intact. Tr. 732–33. In addition, the ALJ considered the opinions of more than five

6

other psychologists and mental health professionals in making her RFC determination. Tr. 22–29. For example, the ALJ noted that Jean Germain, Ph.D. ("Dr. Germain"), another SAMC, found that Givens was not wholly compromised in her ability to function in a work setting, and the ALJ concluded that Dr. Germain's opinion supported that Givens was not disabled and could perform her past relevant work as a waitress. Tr. 29. "[S]ubstantial evidence may be described as that quantum of relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). The ALJ had more than an adequate amount of evidence to support this facet of her RFC determination.

The ALJ neither failed to consider the findings and opinions of an SAMC, nor did she err by not having substantial evidence for her RFC determination by not giving controlling weight to this single statement. Therefore remand is not warranted on this ground.

**B.    The ALJ did not err by apparently giving more weight to a reviewing physician than an examining physician when making her RFC determination.**

"The court does not reweigh the evidence in the record, try the issues de novo, or substitute its judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision." *Carey*, 230 F.3d at 135 (citing *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999)). Conflicts in the evidence are for the Commissioner to resolve. *Id.* The ALJ is entitled to determine the credibility of medical experts as well as lay witnesses and weigh their opinions accordingly. *Holmes v. Colvin*, 555 Fed. App'x 420, 422 (5th Cir. 2014) (citing *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994)). "Under the regulations and our case law, the determination of residual functional capacity is the sole responsibility of the ALJ." *Taylor v. Astrue*, 706 F.3d 600, 602–03 (5th Cir. 2012).

Givens's second argument concerns the ALJ's consideration of Dr. Hilborn's opinion as compared to her consideration of Dr. Germain's opinion. ECF No. 27 at 16–20. The ALJ gave

"some weight" to Dr. Hilborn's opinion and "partial weight" to Dr. Germain's opinion. Tr. 27–28. Givens concedes that these phrases are not "precisely descriptive," but argues that the ALJ "obviously favored" Dr. Germain's opinion, though Givens does not give a reason why such must be the case. *See* ECF No. 27 at 16. Givens also argues that there is an "obvious evidentiary conflict" between Dr. Hilborn's opinion and Dr. Germain's opinion, but does not detail any specific conflicts. *See id.* at 16–17. Givens only notes a specific conflict between Dr. Hilborn's opinion, which gives a Global Assessment of Functioning ("GAF") of 45, and the opinion of a different doctor, Dr. Simpson, who found a GAF of 60, but this is not applicable to an argument about conflicts between Dr. Hilborn and Dr. Germain. *Id.* at 17–18. A plaintiff waives an argument by failing to develop it. *Kenny v. Colvin*, No. A-15-CV-509-AWA, 2016 WL 1369592, at *5 (W.D. Tex. Apr. 6, 2016) (citing *Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 n.1 (5th Cir. 2004); *L & A Contracting Co. v. S. Concrete Servs., Inc.*, 17 F.3d 106, 113 (5th Cir. 1994)); *Vaught v. Astrue*, 271 Fed. App'x 452, 454 n.5 (5th Cir. March 28, 2008) ("'A party who inadequately briefs an issue is considered to have abandoned the claim.' [The claimant] is not a *pro se* litigant."). Rather than showing a significant conflict between Dr. Hilborn and Dr. Germain, or the favoring of one over the other, the evidence of record and Givens's argument show only that the ALJ considered both opinions but gave neither controlling weight.

Assuming for the sake of argument that the ALJ did favor Dr. Germain's opinion over Dr. Hilborn's opinion, the weighing of medical opinions is the prerogative of the ALJ. *Holmes*, 555 Fed. App'x at 422. Givens concedes that evidentiary conflicts are for the Commissioner to resolve, but argues without support that this Court must remand where there is an unaddressed evidentiary conflict. ECF No. 27 at 17. This Court's review is limited on exactly this point, however, because the Court may neither reweigh the evidence in the record nor substitute its judgment for the

Commissioner's. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). Though this Court does not find that the ALJ clearly favored Dr. Hilborn's opinion over Dr. Germain's opinion, even if the ALJ had done so, such an action is squarely within the province of the ALJ.

Givens also argues that, based on this proposed evidentiary conflict between the two doctors, the ALJ erred because she had a duty to recontact these doctors to resolve the conflict. ECF No. 27 at 17–18. But if the record is sufficient to establish whether the claimant is disabled, as it is here, then the Regulations do not require the ALJ to order more evidence. *Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012); *see also Holifield v. Astrue*, 402 Fed. App'x 24, 27 (5th Cir. 2010) ("Because the record in this case contains medical opinion evidence from treating physicians . . . the ALJ had no duty to recontact [a doctor that submitted an unsubstantiated report]."). The Regulations only require the ALJ to request more evidence if the evidence from the treating physician or psychologist or other medical source is inadequate. *Jones*, 691 F.3d at 733. As Givens concedes, Dr. Hilborn was not a treating physician, so the ALJ had no duty to recontact him even if his opinions were inadequate. *See* ECF No. 27 at 20. As an SAMC, Dr. Germain was also not a treating physician. *See id.* at 16; Tr. 146–56. The ALJ therefore did not have a duty to recontact these doctors.

In addition, Givens must show prejudice resulted from the ALJ's error. *Jones*, 691 F.3d at 734–35. Even if the undersigned found that the ALJ should have recontacted one or both of these doctors, Givens has offered no evidence that these doctors would have provided any additional records or opinions that would have shown the ALJ did not have substantial evidence for her decision. *See id.* A mere allegation of error is insufficient to show prejudice. *Id.* Remand is not required on this ground.

**C.     The ALJ did not improperly rely on medical evidence predating the relevant period of disability.**

Givens argues that the ALJ improperly relied upon outdated physical and mental examinations when making her decision. ECF No. 27 at 21. Givens offers as support the fact that she had an earlier Social Security case that was denied by a different ALJ. *Id.* But, as Givens concedes, the ALJ in this case did not at any point reference the earlier case or say that she was relying on it. *Id.*; *see also* Tr. 12–33. Nor did the ALJ reference any evidence that was not part of the record in the instant case. *See* Tr. 12–33. Instead Givens argues that since Givens's claim involves some of the same medical problems, but with a new onset date and new psychiatric problems, the ALJ in the instant case is prohibited from relying on the prior decision when making her decision. ECF No. 27 at 22. Givens argues that "[i]t would also appear that there is a conflict between the physical examinations performed July 27, 2012, August 2, 2012, and later treatment evidence." *Id.* But the ALJ does not mention any examinations from those earlier dates in her opinion. *See* Tr. 21–33. Givens does not cite to the transcript for references to these earlier physical examinations, say what specific "later treatment evidence" she means here, or explain what the conflict is.

By conceding that the ALJ never stated that she was relying on the prior decision, and by failing to give any specific instance of the ALJ doing so in her decision, Givens has conceded her argument that the ALJ did so. Even if the ALJ had relied on evidence in the earlier decision, Givens has not provided any legal authority that such an action is reversible error.

Givens again argues that this claimed error requires the ALJ to recontact the medical sources to resolve the issue. ECF No. 27 at 21, 24. As with her previous argument, this argument fails both because she has not shown that the medical evidence is inadequate and because she has not demonstrated prejudice. *Jones*, 691 F.3d at 733–35. Reversal is not required on this ground.

**D.      The ALJ did not improperly exclude from Givens's RFC that Givens was limited to occasional interaction with the general public and co-workers.**

At Givens's hearing, the ALJ asked the VE a number of hypothetical questions, as is usual, with a variety of limitations in order to see whether a hypothetical individual had the capacity to perform various occupations. Tr. 63–67; *Carey*, 230 F.3d at 140. The ALJ first asked about a hypothetical worker with the limitations that the ALJ later assessed to be Givens's RFC. Tr. 64. The VE responded that such a person could perform some of Givens's past work—Waitress, Appointment Clerk, and Cashier II—but not her previous occupation of Daycare Worker. Tr. 63–64. The ALJ then asked a series of questions about more limited individuals, to which the VE gave his evaluation concerning what jobs such individuals could perform. Tr. 64–67. When the ALJ asked about a hypothetical individual limited to occasional interaction with the public or coworkers, the VE responded that such an individual could not perform any of Givens's previous occupations.  Tr. 65–66. In her opinion, the ALJ did not include social limitations, as well as other limitations the ALJ posed to the VE, in the RFC assessment. Tr. 17. The ALJ extensively analyzed the medical evidence of record and stated what weight she gave to each medical opinion. Tr. 17–32. But her explanation regarding how she came to the RFC is somewhat conclusory, as she states only that the RFC is supported by the objective medical evidence and that the record does not support Givens's allegations of disability. Tr. 32.

Givens argues that the record supports an RFC with a limitation to occasional social interaction with the public or coworkers, or even a more limited RFC. ECF No. 27 at 24. She argues that the record shows that she had one family conflict that led to her overdosing on prescription medication, and that when she was hospitalized at one point from March 24–31, 2015, the records show that she presented with "anxiety and marked impairment in relationships." *Id.* at 25. Givens also notes that she was diagnosed at one point with a Personality Disorder, Cluster B

11

traits. *Id.* Givens concludes that the ALJ erred by not discussing her reasoning behind rejecting a limitation on social interaction, and notes that the Regulations require the ALJ to "include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence." *Id.* at 26 (quoting SSR 96-8p, 1996 WL 374184, at *6 (July 2, 1996)).

The Social Security Administration's rulings are not binding on this Court, though they may be consulted if the statute at issue provides little guidance. *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001) (considering SSR 96-8p). "The Fifth Circuit has frequently relied upon the rulings in evaluating ALJs' decisions." *Id*. In *Myers*, the Fifth Circuit reversed, among other reasons, because the ALJ did not address the concerns of SSR 96-8p and SSR 96-9p in determining the medical evidence as a whole indicated that the claimant could not meet the requirements of sedentary work, which was the RFC that the ALJ gave to the claimant. *Id.* at 620–21. The Fifth Circuit also found that substantial evidence did not support the ALJ's decision because the ALJ relied on his own expert and ignored six treating physicians. *Id.* at 621.

The problems in *Myers*, where the ALJ ignored multiple treating physicians and the medical evidence showed that the claimant was more limited than his RFC, are much more extensive than any problems Givens asserts in this case. This Court is not bound by the Regulations, and SSR 96-8p does not indicate that the RFC determination in this case is deficient. Nor is there a lack of substantial evidence to support the ALJ's determination. While the ALJ's opinion is somewhat conclusory, Givens has not pointed to a lack of evidence in the record for the ALJ's RFC determination. The ALJ notes a number of medical opinions that do not show the need for limitation to only occasional social interaction. A psychiatric consult on September 2, 2014, found that Givens had a GAF of 65, which indicated some mild symptoms or some difficulty in

social functioning but that she generally functioned well. Tr. 22. On June 21, 2012, Dr. Simpson found a GAF of 60, which indicated moderate difficulty. Tr. 26. Dr. Simpson noted that Givens appeared capable of personal, social, and occupational adjustments. *Id.* On August 29, 2014, Dr. Germain found that Givens was not wholly compromised in her ability to function in a work setting, and the ALJ concluded that Dr. Germain's opinion supported that Givens was not disabled and could perform her past relevant work as a waitress. Tr. 29. By citing this evidence, the ALJ supported her decision not to include a social limitation in her RFC determination.

While both the record and evidence cited in the ALJ's opinion provide conflicting evidence on Givens's social abilities, it is the task of the ALJ to decide such conflicts and make a proper determination of the RFC. *Taylor*, 706 F.3d at 602–03; *Holmes*, 555 Fed. App'x at 422. The Court decides only whether substantial evidence supports the ALJ's decision. Given the ALJ's extensive citing of supportive segments of the record, substantial evidence supports her decision. Remand is not warranted on this ground.

## RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that Judge Means **AFFIRM** the Commissioner's decision.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS, CONCLUSIONS, AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's Findings, Conclusions, and Recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's Findings, Conclusions, and Recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1).

Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party shall have until **April 13, 2018**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

Signed March 30, 2018.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE